**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CLARENCE DACE, N22471,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-764-DWD** |
| | ) | |
| **ASST. WARDEN HVARRE,** | ) | |
| **DR. LARSON,** | ) | |
| **TATE,** | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**DUGAN, District Judge:**

Plaintiff Clarence Dace, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Big Muddy River Correctional Center (Big Muddy), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff alleges that the defendants have violated his rights by failing to provide treatment for multiple conditions. Plaintiff has also filed a related Motion for a Preliminary Injunction. (Doc. 2).

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture,

the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on March 23, 2023, while detained at Stateville Correctional Center, he was informed that he had prostate cancer.  (Doc. 1 at 6).  By way of background, he explains that in 2013 he was successfully treated for kidney cancer.  (*Id.*).  In August of 2023 and June of 2024 while at Stateville, Plaintiff was treated for his prostate cancer at the University of Illinois Chicago medical center.  However, in September of 2024 he was transferred to Dixon Correctional Center where he alleges he received no treatment.  (*Id.* at 6-7).  In April of 2025, Plaintiff was transferred to Big Muddy, where he has continued efforts to seek care.  (*Id.* at 7).

Plaintiff alleges that he has written to the governor, to no avail.  (Doc. 1 at 7).  He also alleges that on May 16, 2025, he saw Defendant Dr. Larson and discussed his prostate and former kidney cancer, and his desire for ongoing prostate care.  He alleges Dr. Larson promised x-rays, but nothing has happened, despite Plaintiff raising the lack of progress at an August 21, 2025, follow-up with Dr. Larson.  (Doc. 1 at 9).

In addition to the prostate cancer issue, Plaintiff alleges he also informed Dr. Larson of problems with his right knee that were being treated at Stateville, and he showed Dr. Larson a lump that had formed on his abdomen recently.  At the August 2025 follow-up, he informed Dr. Larson that the lump had grown, and that his knee was causing constant pain.  Plaintiff claims that at Stateville he had been told he needed knee replacement surgery, and he alleges he was taken outside the prison for care multiple

times for his knee. He alleges that Dr. Larson has not acted to provide any care. Plaintiff faults Defendants Hvarre and Tate for having multiple face-to-face conversations with him about his three discrete medical issues, for promising to follow-up, and for failing to ensure that he has received any care.

Based on the allegations in the Complaint, the Court will designate the following claim:

> **Claim 1:** **Eighth Amendment deliberate indifference claim against Defendants Dr. Larson, Hvarre, and Tate for denying or delaying care for Plaintiff's prostate cancer, chronic right knee pain, and lump on Plaintiff's abdomen.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. *Berry v. Peterman*, 604 F.3d 435, 439–40 (7th Cir. 2010). A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard). *Id.* To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to

inmate health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference. *Id.* Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of care. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

Plaintiff's allegations against Dr. Larson may proceed at this juncture because he alleges three discrete conditions that the Court will assume are serious for the purpose of initial screening, and he alleges that Dr. Larson has failed to implement any sort of care to diagnose, monitor, or treat his serious conditions, despite knowing that he was in pain and that he previously had ongoing treatment managed by outside providers at Stateville. Plaintiff may also proceed against Defendants Hvarre and Tate on the theory that they have turned a blind eye or refused to assist in securing care for his three medical conditions.

## Motion for a Preliminary Injunction

In the Motion for a Preliminary Injunction, Plaintiff primarily reiterates facts from his complaint. He alleges Dr. Larson promised to begin care, but has not done so, and Defendants Hvarre and Tate have not followed through on his requests for assistance in securing care. As relief, Plaintiff specifically asks that the Court contact IDOC Director Latoya Hughes to recommend his transfer to another facility where he may receive care. (Doc. 2 at 6). He also asks that the Court issue a protective order to stop recent false disciplinary reports. (*Id.*).

To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and irreparable harm without the injunctive relief.  *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020).  As for the first requirement, the Court must determine whether "plaintiff has any likelihood of success— in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002).  "A movant's likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020). While Plaintiff is not required to "show that [he] definitely will win the case…a mere possibility of success is not enough," and he must make "[a] strong showing that [he] is likely to succeed on the merits." *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). A strong showing typically entails a demonstration of how the applicant intends to prove key elements of his case.  *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762-63 (7th Cir. 2020); *Doe v. University of Southern Indiana*, 43 F.4th 784, 791-92 (7th Cir. 2022) (the court is not required to make inferences in the movant's favor when considering preliminary injunctive relief).

The Court must also decide whether an adequate remedy at law exists and whether the plaintiff will suffer irreparable harm without injunctive relief.  Irreparable harm is harm which cannot be repaired. *Graham v. Med. Mut. Of Ohio*, 130 F.3d 293, 296 (7th Cir. 1998) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for.  The injury must be of a particular nature, so that compensation in money cannot atone for it.").  The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction

on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte, 735 F.3d at 665*.

An injunction that seeks an affirmative act by the respondent is a mandatory preliminary injunction and should be sparingly issued. *Mays, 974 F.3d at 818*. If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Injunctive relief must be related to issues in the underlying lawsuit. *See e.g.*, *Tatum v. Hunter*, Case No. 22-2411 (S.D. Ill. 2023) (Doc. 16) (denying injunctive relief, including a request for a transfer, where the injunctive relief sought was not narrowly tailored and did not align with the claims in the case) *aff'd in Tatum v. Hunter*, Case No. 23-2253 (7th Cir. May 16, 2024); *Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019).

Plaintiff's mention of relief related to a protective order or false discipline will not be addressed further because these allegations are legally distinct from the Eighth Amendment claim proceeding in this case, and Plaintiff has not linked this allegation to the named defendants. The Court also does not find it appropriate to direct a prison transfer because that is an extraordinary measure and implicates prison security. However, the Court will direct the defendants to respond to Plaintiff's assertion that he

has been waiting since May of 2025 for care related to alleged prostate cancer, chronic right knee issues, and a lump on his abdomen.

## Disposition

**Claim 1** of the Complaint (Doc. 1) survives against Defendants Dr. Larson, Hvarre, and Tate.  Hvarre shall be served in individual and official capacity, **and shall respond to Plaintiff's Motion for a Preliminary Injunction (Doc. 2) in official capacity within 21 days of returning an executed waiver of service**.

The Clerk of Court is **DIRECTED** to prepare for Defendants Dr. Larson, Tate, and Hvarre (individual and official capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), the Motion for a Preliminary Injunction (Doc. 2), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation

of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

**IT IS SO ORDERED.**

Dated:  June 8, 2026

Judge Dugan
Digitally signed by Judge Dugan
Date: 2026.06.08 22:43:52 -05'00'

DAVID W. DUGAN
United States District Judge

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.